NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3123

MARTIN F. SALAZAR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Martin F. Salazar, of Harlem, Georgia, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, Rosalyn L. Wilcots, Acting Deputy General Counsel, and Stephanie M. Conley, Acting Assistant General Counsel.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3123

MARTIN F. SALAZAR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752990626-C-2.

_____

DECIDED:  September 5, 2008

_____

Before LINN and DYK, <u>Circuit Judges</u>, and STEARNS, <u>District Judge</u>.[*]

PER CURIAM.

Martin F. Salazar ("Salazar") seeks review of a final decision of the Merit Systems Protection Board ("the Board"), which dismissed his petition for review as untimely filed without good cause shown for the delay.  <u>Salazar v. Dep't of Energy</u>, No. AT-0752-99-0626-C-2 (M.S.P.B. Dec. 5, 2007).  Because the Board did not abuse its discretion in concluding that Salazar failed to show good cause for his untimely filing, we <u>affirm</u>.

In 2004, Salazar and the Department of Energy ("the agency") entered into a settlement agreement to resolve Salazar's petition for enforcement of a previous order

_____

[*]        Honorable Richard G. Stearns, District Judge, United States District Court for the District of Massachusetts, sitting by designation.

of the Board. The administrative judge ("AJ"), in an initial decision dated June 18, 2004, accepted the agreement into the record for enforcement purposes and dismissed the appeal as settled. The AJ also notified the parties that the initial decision would become final on July 23, 2004, unless a party filed a petition for review by that date. On July 30, 2007, Salazar filed the petition for review at issue here, requesting, among other things, that the settlement agreement be set aside and his appeal be reinstated. Because the petition appeared untimely, the Board ordered Salazar to show that the petition was timely or that good cause existed for the delay. In response, Salazar stated that, around February 9, 2006, he became aware of circumstances that led him to believe the agency had breached the settlement agreement or otherwise acted in bad faith in entering into the agreement, and had begun at that time to pursue various other forms of relief.

The Board observed that Salazar's petition for review was untimely by more than three years, and that Salazar had waited over a year and a half to file the petition even after he became aware of the circumstances which he contended showed bad faith. The Board concluded that such delays were unreasonably lengthy, and that Salazar's stated reason for the delay—i.e., his decision to pursue other avenues to remedy the agency's alleged bad faith—did not constitute good cause for the untimely filing. Consequently, the Board dismissed Salazar's petition for review as untimely filed without good cause shown for the delay. Salazar timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

Our scope of review of Board decisions is defined and limited by statute. 5 U.S.C. § 7703(c). We must affirm the Board's decision unless it is "(1) arbitrary,

2008-3123                                    2

capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). Salazar, as the petitioner, bears the burden of demonstrating error in the Board's decision. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

We find no basis to conclude that the Board abused its discretion in determining that Salazar failed to meet his burden to show good cause for the three-year delay in filing his petition for review.[1] Thus, we affirm the decision of the Board.

---

[1]     To the extent that Salazar also sought review of the July 20, 2007 decision of the AJ in Docket No. AT-0752-07-0838-I-1, that matter is addressed in our decision today in Salazar v. Department of Energy, No. 2008-3186.